## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROB L. PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-102-GMS |
| | ) | |
| THOMAS CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

———————————

Rob L. Patterson.  *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for respondent.

———————————

**MEMORANDUM OPINION**

April __5__, 2006
Wilmington, Delaware

Sleet, District Judge

## I. INTRODUCTION

Petitioner Rob L. Patterson ("Patterson") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. He has filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 1.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In April 2001, while on probation for a previous drug conviction, Patterson was arrested on numerous new drug and weapons charges. Patterson filed a motion to suppress evidence seized by police at the time of his arrest. In September 2001, the Delaware Superior Court conducted a hearing on the motion to suppress. The Superior Court denied the suppression motion, and also found Patterson to be in violation of his probation. The Superior Court immediately sentenced Patterson for the violation of probation to two years of incarceration at Level V, suspended after eighteen months for six months of work release. *See Patterson v. State*, 840 A.2d 642 (Table), 2004 WL 65333, at **1 (Del. Jan. 12, 2004).

On July 9, 2002, the day that his trial was to commence with respect to the new drug and weapons charges, Patterson pled guilty to one count of trafficking in cocaine (Del. Code Ann. tit. 11, § 1448 (2001)), and one count of possession of a deadly weapon by a person prohibited (Del. Code Ann. tit. 11, § 1448 (2001)). The Superior Court immediately sentenced him to a total of seven years in prison, suspended after four years for one year of probation. Patterson did not appeal his conviction or sentence.

In November 2002, Patterson filed in the Delaware Superior Court a *pro se* motion for

1

post-conviction relief pursuant to Superior Court Criminal Rule 61.  The Rule 61 motion alleged

that the State did not fulfill its promise to incorporate Patterson's violation of probation charge

and sentence into the plea agreement.  The Superior Court summarily denied the Rule 61 motion,

and the Delaware Supreme Court affirmed that decision.  *See Patterson,* 2004 WL 65333.

In February 2004, Patterson filed in this court a petition for the writ of habeas corpus.

(D.I. 2.)  The State filed an answer, requesting the court to dismiss the petition, and Patterson

filed a response.  (D.I. 13; D.I. 16.)

Patterson's petition is ready for review.

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

federal court may consider a habeas petition filed by a state prisoner only "on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a).   Additionally, a federal court cannot grant habeas relief unless the petitioner has

exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842-44 (1999);  *Picard v. Connor*, 404 U.S. 270, 275 (1971).   AEDPA

states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to
> the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the
>     applicant.

2

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although the failure to exhaust state remedies may be excused, unexhausted claims are still procedurally defaulted. *Lines,* 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting

3

therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

**B.  Standard of Review Under AEDPA**

If the highest state court adjudicated the federal habeas claim on the merits, a federal court can only grant habeas relief if the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

4

clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim was "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), *reversed on other grounds by Rompilla v. Beard*, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005).

Finally, when reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

Patterson asserts the following three grounds for relief in his petition: (1) the State unlawfully induced him to enter into a plea agreement and also breached the plea agreement by failing to incorporate his violation of probation charge and sentence into the plea agreement; (2) his conviction was the result of evidence obtained pursuant to an unlawful arrest; and (3) his

conviction was the result of illegal profiling by a government agency. (D.I. 1, at 5-6.)

### A. Breach of plea agreement

In his first claim, Patterson contends that the State breached its promise to include his violation of probation as part of the plea agreement. Patterson exhausted state remedies for the instant claim by presenting it to Delaware Supreme Court in his post-conviction appeal. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Therefore, the court must apply the deferential standard provided by § 2254(d)(1) and determine whether the Delaware Supreme Court's decision was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.

"A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). Consequently, on federal habeas review, a petitioner may only challenge the voluntary and intelligent character of the plea agreement in one of two ways: (1) by showing that counsel's advice with respect to the plea fell below the standards demanded of attorneys in criminal cases, *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Hill v. Lockhart*, 474 U.S. 52, 56-8 (1985); or (2) in a situation where a guilty plea is induced by promises, by showing that the defendant did not know the "essence of those promises." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Thus, if the prosecution

6

breaches its promise with respect to an executed plea agreement, then the defendant's conviction

cannot stand. *Id.* at 262.

Patterson has submitted copies of his plea agreement and the Truth-In-Sentencing Guilty

Plea Form ("TIS") to demonstrate that the plea agreement was breached. Specifically, he

contends that the prosecutor crossed out the violation of probation provisions in the agreement

after the agreement was signed on July 9, 2002. Patterson presented this claim to the Superior

Court in his Rule 61 motion, and the Superior Court judge determined it to be factually baseless:

> I would note that the plea agreement under which you entered your guilty plea reflects
> that the areas involving the violation of probation have been removed by counsel and
> initialed by the prosecutor Ms. Woloshin with the plea agreement which was signed by
> you and Mr. O'Neill. As such, it appears that the parties agreed not to include the
> violation of probation in resolving the above-referenced charges. This is probably
> because when I sentenced you on July 10, 2002, you had already been sentenced by Judge
> Gebelein on September 19, 2001 for the violation of probation charge. As such, it made
> no sense that the violation of probation would be included in the new plea agreement.
> The Court has nothing before it other than your word that you were to receive credit for
> the 18 months given to you by Judge Gebelein. It is not contained in the document, nor
> have you represented that it was brought to the Court's attention during the plea colloquy.

(D.I. 15, *State v. Patterson*, Crim. Id. No. 0105000009, Letter Order (Del. Super. Ct. Jan. 23,

2003)). On post-conviction appeal, the Delaware Supreme Court agreed, explaining that:

> On July 9, 2002, the day his trial was scheduled to start, Patterson entered a guilty plea.
> During the plea colloquy, Patterson acknowledged that he was pleading guilty to one
> count each of trafficking and possession of a deadly weapon by a person prohibited,
> which, together, carried a minimum mandatory sentence of four years imprisonment.
> There was no assertion by any party that the VOP sentence, which the Superior Court had
> imposed ten-months earlier, was somehow to be included in the four-year minimum
> mandatory sentence. In fact, Patterson and his counsel requested the Superior Court to
> impose minimum probation to follow his four-year minimum mandatory prison sentence
> because of the six months probation Patterson already was required to serve following his
> eighteen-month prison sentence for the VOP. In light of this record, we find no factual
> basis for Patterson's contention that the State breached its plea agreement.

*Patterson*, 2004 WL 65333, at **1.

7

The court has reviewed the record, and concludes that the prosecution did not breach any promise to include the violation of probation charge in the plea agreement because Patterson was aware that the prosecution had revoked that offer almost one full year before the plea agreement was executed.   A close examination of the plea agreement form reveals that, although the agreement was originally dated May 24, 2001 and included the violation of probation charge in its terms, the May 24, 2001 date is crossed out, as is the violation of probation charge, and the initials "NW" are included next to the deleted violation of probation terms.  The signed agreement contains the date July 9, 2002, indicating that the changes were made on the date of execution, and not afterward.  Additionally, the TIS form was clearly executed on July 9, 2002 and does not include a violation of probation charge, indicating that the executed plea agreement did not include the violation of probation charge.

The transcripts of the suppression hearing and Patterson's plea colloquy provide further support for the conclusion that Patterson knew the violation of probation charge was not included as part of his plea.  During the September 9, 2001 suppression hearing,  the prosecutor made the following statement:

> [T]he defendant has Trafficking Charges, and he has a Possession With the intent to Deliver charge that carries a fifteen minimum mandatory.   And he also has two Possession of a Deadly Weapon by a Person Prohibited charges, which each have a year minimum mandatory because he has a prior Possession With the intent to Deliver . . . The State had offered originally Trafficking and Possession of a Deadly Weapon by a Person Prohibited and a violation of probation, and four years minimum mandatory.  We're revoking that offer."

(D.I. 15, App. to Ans. Br. in *Patterson v. State*, No.241, 2003.)   The fact that the prosecutor made this statement between May 24, 2001, when the original plea agreement included the violation of probation charge, and July 9, 2002, when the plea agreement excluding the violation

of probation charge was executed, provides strong evidence that the changes to the plea agreement form were made on July 9, 2002, and not thereafter.

Moreover, neither Patterson nor his counsel raised the violation of probation charge during Patterson's plea colloquy on July 9, 2002. During the colloquy, the prosecutor stated that "the defendant is going to plead guilty to Count 1, trafficking in cocaine . . . and possession of a deadly weapon by a person prohibited, which is Count 4." (D.I. 15, Plea Colloquy Trans. in *State v. Patterson*, ID No. 0105000009, July 9, 2002, at p. 2.). Both defense counsel and Patterson stated that the court's summary of the agreement was correct, and Patterson explicitly stated that there were no other promises or representations made with respect to the agreement. *Id.* at p.p. 3, 5. The judge also asked Patterson if he had already been found to have violated his probation for the offense in Count 4, and if he had already been sentenced, to which Patterson affirmatively replied "yes." *Id.* at p. 9. When asked if he had anything else to add, Patterson stated "no." *Id.* at p. 12. It is well-settled that representations made at a plea hearing are difficult barriers to overcome, and Patterson has offered no clear and convincing evidence to rebut his statements that he understood and voluntarily entered into the plea agreement. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Thomas v. Snyder*, 2001 WL 1297812 (D. Del. Oct. 3, 2001); *Parke v. Raley*, 506 U.S. 20, 35 (1992).

All of these facts lead the court to conclude that the Delaware Supreme Court reasonably found that the violation of probation was not intended to be included in the July 2002 plea agreement. Without evidence of a breach, the Delaware Supreme Court's rejection of Patterson's breach of plea agreement claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent. Accordingly, the court will deny the instant claim for failing to

9

warrant habeas relief under § 2254(d)(1).

**B.  Illegal detention and arrest**

In his second and third claims, Patterson contends that the police illegally stopped him due to illegal profiling, that they illegally obtained the drug evidence through an illegal arrest, and that his conviction was unlawful because it was based on the illegal evidence.  For the reasons discussed hereafter, Patterson's Fourth Amendment claims are barred by the United States Supreme Court holding in *Stone v. Powell*,  428 U.S. 465 (1976).

In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494.  Generally, to avoid the *Stone* bar, a petitioner must demonstrate that he did not have a full and fair opportunity to litigate a Fourth Amendment claim because a structural defect in the state system prevented his claim from being heard. *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).  A petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *Petillo v. New Jersey*, 562 F.2d 903, 906-07 (3d Cir. 1977).  Whether or not a state court incorrectly decided a petitioner's Fourth Amendment claim is immaterial to the full and fair opportunity analysis. *Marshall*, 307 F.3d at 82;  *Gilmore v. Marks*, 799 F.2d 51, 56 (3d Cir. 1986), *cert. denied*, 479 U.S. 1041 (1987).

In the instant situation, Patterson's counsel filed a motion to suppress evidence.   The

10

Delaware Superior Court conducted a hearing on September 19, 2001, and denied the motion. *See Patterson*, 2004 WL 65333, at **1. Therefore, because Patterson had a full and fair opportunity to litigate those claims in the state courts, the *Stone* bar precludes federal habeas relief.

Additionally, "when a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Haring v. Prosise*, 462 U.S. 306, 321 (1983). Here, Patterson's conviction was based on the fact that he pled guilty to two felony charges, not on any allegedly illegally seized evidence. *See Patterson*, 2004 WL 6533, at **1. Thus, Patterson's Fourth Amendment claims are beyond the scope of federal habeas review.[1] *Haring*, 462 U.S. at 322.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] The State also contends that Patterson procedurally defaulted the claims in state court because he did not present them to the Delaware Supreme Court on direct appeal from his conviction or on post-conviction appeal. The State correctly concludes that Patterson did not demonstrate cause for, or prejudice resulting from, his procedural default. Therefore, the instant claims are also alternatively barred from Federal habeas review due to Patterson's unexcused procedural default in the state courts.

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The court concludes that Patterson's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Patterson's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROB L. PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-102-GMS |
| | ) | |
| THOMAS CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY
ORDERED that:

1. Rob L. Patterson's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C
§ 2254, is DISMISSED, and the relief requested therein is DENIED.  (D.I. 1.)

2. The court declines to issue a certificate of appealability.

Dated: April 5 , 2006

UNITED STATES DISTRICT JUDGE